OPINION
Appellant Stephen Barlow appeals a judgment of the Delaware County Common Pleas Court denying his motion for modification of sentence:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO GRANT DEFENDANT AN ORAL HEARING ON HIS MOTION TO MODIFY SENTENCE.
ASSIGNMENT OF ERROR NO. 2
 WHETHER THE *SENTENCE* IMPOSED IN THIS CASE IS CONTRARY TO LAW AND `INHERENTLY VIOLATIVE' OF THE PROVISIONS OF: APPRENDI V. NEW JERSEY, AT 120 S.CT. ___ (2000); *O.R.C. SEC. 2929.14; O.R.C. § 2953.08; AM. SUB. H.B. 331; STATE V. WARD, 720 N.E.2d 603.
On January 6, 1999, appellant was indicted by the Delaware County Grand Jury with one count of disseminating matter harmful to juveniles (R.C.2907.31(A)(3)), two counts of rape (R.C. 2907.02(A)(1)(b)), each including a sexual violent predator specification, two counts of corruption of a minor (R.C. 2907.04(A)), and one count of gross sexual imposition (RC 2907.05(A)(4)), including a sexually violent predator specification. The five juvenile victims were all pre-teen and teenage boys, under the age of sixteen.
On June 28, 1999, appellant and the State of Ohio entered into a negotiated plea agreement pursuant to Crim. R. 11 (F). Pursuant to the negotiated plea, appellant pled guilty to each count of the indictment, without the sexually violent predator specifications. Appellant stipulated that he would be found to be a sexual predator by the court. The matter was referred for pre-sentence investigation prior to sentencing, and the State agreed not to pursue charges related to five additional juvenile victims. Following the pre-sentence investigation, appellant was sentenced in accordance with the plea agreement. He was sentenced to sixteen months incarceration on count one, four years on count two, four years on count three, six months on count four, six months on count five, and two years on count six. The sentence imposed on count one was to be served concurrently with the sentence imposed on six, and consecutively to the sentences imposed on two and three. The sentence on count two was ordered to be served concurrently with the sentence imposed on count three, but consecutively to the sentences imposed on counts one, four, five, and six. The sentence imposed on count three was to be served concurrently with the sentence imposed on count two, but consecutively to sentences imposed on counts one, four, five, and six. The sentence imposed on count four was served concurrently with the sentence imposed on count five, and consecutively to all other sentences. The sentence imposed on count five was ordered to be served concurrently with that on count four, and consecutively to the other sentences. The sentence imposed on count six was to be served concurrently with the sentence on count one, but consecutively to the other sentences.
On May 11, 2001, appellant filed a motion for modification pursuant to RC 2929.14 (B). The court denied the motion to modify sentence on May 18, 2001. Appellant has appealed the judgment overruling his motion to modify sentence.
 I
Appellant argues that the court abused its discretion in overruling his motion for modification of sentence pursuant to RC 2929.14 (B).
There is no provision within this statute for sentence modification. R.C. 2929.14 (B) sets forth basic prison terms, and some sentencing guidelines and findings which the court is to follow if it imposes a maximum sentence. Appellant was not entitled to have his sentence modified pursuant to the statute, nor does the statute provide for an oral hearing. Therefore, the court did not abuse its discretion in failing to grant him a hearing on his motion, or in denying the motion to modify sentence. The proper method to challenge an alleged error in sentencing is through the direct appeal, or through post-conviction relief. Appellant did not file an appeal from his sentence, and has not filed a petition for post-conviction relief.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues that the sentence imposed violates law, and R.C. 2929.14 and 2950 are unconstitutional.
Again, appellant failed to appeal from the judgment of conviction and sentence. He therefore cannot now challenge the sentence imposed in the instant case.
The second assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware County Common Pleas Court is affirmed.
Costs to appellant.
Hon. Julie A. Edwards, P.J. Hon. W. Scott Gwin, J. Hon. William B. Hoffman, J. concur.